Rosenwald *v.* Wilson, Appellant, et al.

348

Argued November 10, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Joseph Singer,* for appellant.

*John A. M. McCarthy,* for appellee.

OPINION BY STADTFELD, J., February 1, 1943:

This is an action in assumpsit against three defendants. The defendants, Frank Wilson and Charles Hartzell, were personally served. The other defendant, Edward I. Jaffe, Esq., was never served, but he subsequently entered his own appearance and filed affidavit of defense admitting all the allegations of the statement of the plaintiff's claim. The two defendants who were served filed affidavits of defense raising issues of fact, and the cause came on for trial before WINNET, J., sitting without a jury. The court found in favor of the plaintiff and against the defendants, Wilson and Hartzell. The court found for the defendant, Edward I. Jaffe.

The defendant Charles Hartzell had been indicted for operating a motor vehicle without a license. He asked the defendant, Edward I. Jaffe, Esq., to represent him. Jaffe retained the services of the plaintiff, Edward

Rosenwald, Esq., another member of the Philadelphia Bar.

The defendant Frank Wilson was Hartzell's employer. The plaintiff Rosenwald has brought the present action against Frank Wilson, in addition to the two other defendants, and seeks to recover from them the sum of Two Hundred and Fifty Dollars with interest from January 23, 1941. He bases his right to recover upon an oral contract allegedly made during a telephone conversation.

The defendant, Frank Wilson, denied that he ever authorized attorney Jaffe to act for him in any manner, and denied that he ever saw, knew or employed the plaintiff Rosenwald, and averred that he never agreed to pay any sum to the plaintiff.

At the conclusion of the plaintiff's case, defendant's counsel moved the court for a nonsuit as to the defendant Wilson, which the court refused.

At the conclusion of the defendant's testimony, counsel for the defendant presented a point for binding instruction as to the defendant Wilson, and the court reserved its decision.

The defendant, Frank Wilson, filed a motion and reason for a new trial and for judgment non obstante veredicto. These motions were argued before Judges WINNET, SCHMIDHEISER and PIEKARSKI. Both motions were discharged, PIEKARSKI, J. dissenting. Judge PIEKARSKI dissented from the order dismissing the motion for judgment non obstante veredicto as to Frank Wilson. Judgment was entered on the court's findings and the defendant Frank Wilson took the present appeal.

The assignments of error relate inter alia to the entry of judgment on the findings and the refusal to enter judgment non obstante veredicto in favor of Wilson.

Appellant contends that plaintiff's evidence is insufficient to charge the defendant Wilson with lia-

bility for the services rendered to Hartzell, and to take it out of the Statute of Frauds and Perjuries, as an original undertaking at the request of Wilson.

Quoting from the opinion of the trial judge: "The credible evidence established that the defendant Jaffe was authorized by both Wilson and Hartzell to engage the plaintiff. They agreed to pay him $250 ...... It is true that the defendants denied any authority in Jaffe to hire the plaintiff They denied any conversation with the plaintiff himself or any promise to pay him $250. Their testimony, however, was not credible. They were guilty of contradictions ...... I did not believe the defendant Wilson's denial of having instructed Jaffe to hire the plaintiff. Both Wilson's and Hartzell's manner on the stand, their method of testifying was such as to discredit their testimony ...... The plaintiff related that he was employed by Jaffe, and outlined the work that he had done. He spent the entire first day in court at which time the case was continued. He also stated that he called Wilson on the telephone. Mrs. Hartzell who was in the office put Wilson on the telephone and the plaintiff told him that he would get into the case provided he was paid $250, and he was assured 'that would be perfectly all right and not to worry about it, he would get it, that Mr. Jaffe knew what kind of a person he was' ...... The case presented a question of fact. The trial judge had to decide who was telling the truth, Jaffe and Rosenwald, or Wilson and Hartzell. I concluded that Jaffe and Rosenwald were to be believed ...... The Court, however, found that the undertaking of the defendant, Wilson, was a primary one. Not only did Jaffe appear as his agent, authorized to make the agreement, but also the defendant's own conduct and statements to the plaintiff were such as to justify the plaintiff in understanding that Wilson was to pay him the sum of $250."

The finding of a trial judge without a jury has the

same weight as the verdict of a jury if supported by legally competent evidence.

The particular point in issue at the trial of the case appears to be whether or not the appellant engaged the appellee, either directly or through an agent, as stated in the Restatement of the Law of Contracts, section five: "A promise in a contract must be stated in such words either oral or written, or must be inferred wholly or partly from such conduct, as justifies the promisee in understanding that the promisor intended to make a promise."

After a careful examination of the record, we are satisfied that the findings of the trial judge are amply supported by the evidence.

Judgment affirmed.